Opinion issued November 13, 2003
























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00108-CR
____________
 
JOSEPH WISEMAN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 918270
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Joseph Wiseman, guilty of deadly conduct and assessed
his punishment at confinement for two years. The trial court suspended the sentence
and placed appellant on community supervision for two years. In appellant’s sole
point of error, he contends that the evidence was factually insufficient to support his
conviction. We affirm.
Facts
          Christopher Stanton, the complainant, testified that, on June 1, 2003, Ursola
Wiseman, his sister and appellant’s wife, asked him to come over and help her
remove some of her personal belongings from her and appellant’s apartment. The
complainant agreed, and he arrived about 25 minutes later, parked his truck in the
apartment complex parking lot, and proceeded up a flight of stairs leading to his
sister’s and appellant’s apartment. Ms. Wiseman had her personal belongings ready
to be moved, and the complainant began moving them to his truck.
          Shortly thereafter, while the complainant was loading some of his sister’s
belongings onto his truck, appellant arrived at the apartment complex with his sister
and his two-month-old son. Appellant walked halfway up the stairs leading to his
apartment, looked back down to the complainant, and told him “[t]hat’s where you’d
better stay at.” The complainant complied with appellant’s order so as “[t]o show him
respect.”
          While the complainant was waiting in the parking lot, he heard his sister and
appellant arguing “over who was going to take [their] child,” and then he heard a
child’s scream. The complainant “was very concerned about the child,” so he walked
about mid-way up the stairs leading to the apartment. Appellant, who was standing
in the doorway of the apartment, “turned around and looked at [the complainant]” and
said, “[d]on’t you come into my home.” Appellant then pulled out a handgun
magazine clip, reached over to a bookshelf by the front door, picked up his handgun,
and “inserted the clip.” The complainant immediately retreated down the stairs to the
parking lot, but he did not make it very far before appellant fired his handgun in the
complainant’s direction. At this point, another apartment complex resident called for
emergency assistance.
          Houston Police Officer R. Johns testified that he arrived at the apartment
complex shortly after the shooting. Once he was there, Johns and another officer
searched appellant’s apartment, and the officers found a .25 caliber handgun, a
handgun magazine clip, and a spent cartridge under appellant’s bed. The officers
searched the complainant’s sports bag and his truck, but they did not find any
weapons.
          Appellant testified that the complainant had a “violent” reputation in the
community, and that, on the day of the incident, he asked the complainant “about 12
times, please do not come [into] my house.” However, the complainant entered his
apartment while he was having a “verbal argument” with his wife, grabbed appellant
and threw him against a “wet bar” near the bookshelf, and stated that he had been
“waiting to whoop [sic] [appellant].” However, when Ms. Wiseman “got on the
phone” to call for emergency assistance, the complainant ran out of the apartment. 
Appellant testified that he then moved to the doorway of the apartment and saw the
complainant reach into his sports bag and pull out what appeared to be a handgun. 
At this point, appellant “feared” for his life and for the lives of his sister and his child,
so he reached over to the bookshelf, grabbed his handgun, and “discharged” it.
Factual Sufficiency of the Evidence
          In appellant’s sole point of error, he argues that the evidence was factually
insufficient to support his conviction because of “the overwhelming weight of the
evidence in support of [his] need to act in self-defense.” Appellant asserts that he
“reasonably believed,” based on the complainant’s words and actions, that the
complainant was a danger to him, and that firing his handgun in the complainant’s
direction was “reasonably necessary” to avoid being assaulted by the complainant.
          The factual sufficiency of the evidence is reviewed by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).
          A person commits the offense of deadly conduct if he knowingly discharges
a firearm at or in the direction of one or more individuals. Tex. Pen. Code Ann. §
22.05(b)(1) (Vernon 2003). However, a person is justified in using force against
another when and to the degree that he reasonably believes the force is immediately
necessary to protect himself against the other’s use or attempted use of unlawful
force. Id. at § 9.31(a) (Vernon 2003).
          Appellant admitted that he fired his handgun in the complainant’s direction. 
But he testified that he “feared” for his life and for the lives of his sister and his child
because the complainant assaulted him in his apartment and then ran downstairs and
appeared to reach into his sports bag and pull out a handgun. Furthermore, appellant
testified that he had to resort to firing his handgun in appellant’s direction because
the complainant could have easily re-entered his apartment by “kicking the door
open.” In contrast, the complainant testified that, as he was walking up the stairs to the
apartment, appellant “turned around and looked at him,” said “[d]on’t you come into
my home,” and then fired his handgun in the complainant’s direction. The
complainant denied getting into a physical confrontation with appellant, and he
testified that he never kept a handgun in his sports bag. Moreover, the officers found
no weapons in their search of the complainant’s truck and sports bag.
          What weight to give contradictory testimonial evidence is within the sole
province of the jury, as it turns on an evaluation of credibility and demeanor. Cain v.
State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). Thus, the jury was free to
believe or disbelieve all or any part of the complainant’s or appellant’s testimony. A
court of appeals must show deference to such a jury finding. Id. at 409. Moreover,
a jury decision is not manifestly unjust merely because the jury resolved conflicting
views of evidence in favor of the State. Id. at 410. Accordingly, we hold that
appellant has not shown that the proof of his guilt was so obviously weak as to
undermine confidence in the jury’s determination or that the proof of his guilt was
greatly outweighed by contrary proof.
          We overrule appellant’s sole point of error.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
 
Do not publish. Tex. R. App. P. 47.2(b).